IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br>BARANOWSKI, VICKIE LYNNE<br><br>AKA HOUSE, VICKIE L<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 07-70659 MB<br><br>Judge  Manuel Barbosa |

## TRUSTEE'S FINAL REPORT (PRE-DISTRIBUTION REPORT)

To:   THE HONORABLE Manuel Barbosa, BANKRUPTCY JUDGE

NOW COMES JAMES E. STEVENS, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.   The Petition commencing this case was filed on 03/22/07. The Trustee was appointed on 03/22/07. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is 0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.   A summary of the Trustee's Final Report as of October 14, 2008 is as follows:

| | | | |
|---|---|---|---:|
| a. | RECEIPTS (See Exhibit C) | $ | 40,180.10 |
| b. | DISBURSEMENTS (See Exhibit C) | $ | 5.00 |
| c. | NET CASH available for distribution | $ | 40,175.10 |
| d. | ADMINISTRATIVE EXPENSES: | | |
| | 1.   Trustee compensation requested (See Exhibit E) | $ | 4,768.01 |
| | 2.   Trustee Expenses (See Exhibit E) | $ | 0.00 |
| | 3.   Compensation requested by attorney or other | | |

EXHIBIT A

        professionals for trustee (See Exhibit F)    $    5,147.50

    4.    Other unpaid administrative expenses (See Exhibit G)    $

5.    The Bar Date for filing unsecured claims expired on 09/28/07.

6.    All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee, and a report is attached as Exhibit E. The actual dollar amount of claims allowed and/or requested for this estate is as follows:

    a.    Allowed unpaid secured claims    $    0.00

    b.    Chapter 7 Administrative and 28 U.S.C. §1930 claims    $    9,915.51

    c.    Allowed Chapter 11 Administrative Claims    $    0.00

    d.    Allowed priority claims    $    0.00

    e.    Allowed unsecured claims    $    32,322.68

7.    Trustee proposes that unsecured creditors receive a distribution of 93.62% of allowed claims.

8.    Total fees and expenses previously awarded to Trustee's counsel, accountant or other professional was $0.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $5,147.50.

9.    A fee of $800.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

                      RESPECTFULLY SUBMITTED:

DATE: October 16, 2008        /s/ James E. Stevens
                              JAMES E. STEVENS
                              6833 Stalter Drive
                              Rockford, IL 61108
                              (815) 962-6611

EXHIBIT A

# TASKS PERFORMED BY TRUSTEE

1. Review Petition and schedules; conduct Section 341(a) Meeting of Creditors.

2. Investigate Debtor's assets.

3. Open and maintain bank accounts

4. Obtain FEIN

5. Prepare Trustee's reporting forms including semi-annuals.

6. Correspondence to U.S. Trustee's Office.

7. Telephone conference with Debtor's attorney.

8. Preparation of Asset Notice and filing of same.

9. Telephone conversations with creditors.

10. Correspondence to Debtor's attorney.

11. Issue payments by Trustee.

12. Determination of estate tax liability.

13. Preparation of Trustee Final Report.

EXHIBIT A

Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 07-70659 MB | Trustee: | (330420) JAMES E. STEVENS |
| --- | --- | --- | --- |
| Case Name: | BARANOWSKI, VICKIE LYNNE | Filed (f) or Converted (c): | 03/22/07 (f) |
| | | §341(a) Meeting Date: | 04/19/07 |
| Period Ending: | 10/14/08 | Claims Bar Date: | 09/28/07 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | single family residence | 160,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | cash | 5.00 | 0.00 | DA | 0.00 | FA |
| 3 | savings Poplar Grove State Bank | 450.00 | 0.00 | DA | 0.00 | FA |
| 4 | checking Harris Bank | 250.00 | 0.00 | DA | 0.00 | FA |
| 5 | household goods, etc. | 1,200.00 | 0.00 | DA | 0.00 | FA |
| 6 | tapes, dvds, cds, etc. | 50.00 | 0.00 | DA | 0.00 | FA |
| 7 | clothing | 250.00 | 0.00 | DA | 0.00 | FA |
| 8 | exercise equipment | 10.00 | 0.00 | DA | 0.00 | FA |
| 9 | 401K | 6,200.00 | 0.00 | DA | 0.00 | FA |
| 10 | possible workers compensation claim | Unknown | 0.00 | DA | 0.00 | FA |
| 11 | 1988 Chevy Venture | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 12 | 1999 Chevy Venture | 2,000.00 | 0.00 | DA | 0.00 | FA |
| 13 | two dogs | 0.00 | 0.00 | DA | 0.00 | FA |
| 14 | tools | 50.00 | 0.00 | DA | 0.00 | FA |
| 15 | INHERITANCE (u) | 0.00 | 40,173.60 | DA | 40,173.60 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 6.50 | Unknown |
| 16 | Assets  Totals (Excluding unknown values) | $171,465.00 | $40,173.60 | | $40,180.10 | $0.00 |

Printed: 10/14/2008 08:07 AM   V.10.54

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

| Case Number: | 07-70659 MB | Trustee: | (330420) JAMES E. STEVENS |
| Case Name: | BARANOWSKI, VICKIE LYNNE | Filed (f) or Converted (c): | 03/22/07 (f) |
| | | §341(a) Meeting Date: | 04/19/07 |
| Period Ending: | 10/14/08 | Claims Bar Date: | 09/28/07 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Major Activities Affecting Case Closing:**

Initial Projected Date Of Final Report (TFR):   December 31, 2008         Current Projected Date Of Final Report (TFR):   October 14, 2008   (Actual)

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 07-70659 MB | | Trustee: | JAMES E. STEVENS (330420) |
| Case Name: | BARANOWSKI, VICKIE LYNNE | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***-*****22-65 - Money Market Account |
| Taxpayer ID #: | 13-7599064 | | Blanket Bond: | $64,000.00  (per case limit) |
| Period Ending: | 10/14/08 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 04/30/08 | {15} | E.J. BARANOWSKI | PAYMENT PURSUANT TO ORDER | 1241-000 | 5,000.00 | | 5,000.00 |
| 04/30/08 | {15} | E.J. BARANOWSKI | RETURNED CASHIER'S CHECK | 1241-000 | -5,000.00 | | 0.00 |
| 05/12/08 | {15} | E.J. BARANOWSKI | REDEPOSIT CASHIER'S CHECK | 1241-000 | 5,000.00 | | 5,000.00 |
| 05/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 0.45 | | 5,000.45 |
| 06/04/08 | 1001 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/04/2008 FOR CASE #07-70659, prorata bond payment bond #016018067 | 2990-000 | | 5.00 | 4,995.45 |
| 06/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 0.63 | | 4,996.08 |
| 07/02/08 | {15} | EDWARD BARANOWSKI | CASHIER'S CHECK PAYMENT ON INHERITANCE | 1241-000 | 10,173.60 | | 15,169.68 |
| 07/10/08 | | E.J. BARANOWSKI | | 1241-000 | 5,000.00 | | 20,169.68 |
| 07/10/08 | | E.J. BARANOWSKI | Reversed Deposit Adj. 4 | 1241-000 | -5,000.00 | | 15,169.68 |
| 07/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 1.63 | | 15,171.31 |
| 08/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 1.80 | | 15,173.11 |
| 09/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 1.99 | | 15,175.10 |
| 10/01/08 | {15} | ADRIENNE AND EDWARD BARANOWSKI | REPAYMENT INHERITANCE | 1241-000 | 25,000.00 | | 40,175.10 |

Subtotals :   $40,180.10   $5.00

{} Asset reference(s)

Printed: 10/14/2008 08:06 AM   V.10.54

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

| Case Number: | 07-70659 MB | Trustee: | JAMES E. STEVENS (330420) |
|---|---|---|---|
| Case Name: | BARANOWSKI, VICKIE LYNNE | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | Account: | ***-*****22-65 - Money Market Account |
| Taxpayer ID #: | 13-7599064 | Blanket Bond: | $64,000.00  (per case limit) |
| Period Ending: | 10/14/08 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| | | | ACCOUNT TOTALS | | 40,180.10 | 5.00 | $40,175.10 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 40,180.10 | 5.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $40,180.10 | $5.00 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****22-65 | 40,180.10 | 5.00 | 40,175.10 |
| | $40,180.10 | $5.00 | $40,175.10 |

{} Asset reference(s)  
Printed: 10/14/2008 08:06 AM   V.10.54

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:
BARANOWSKI, VICKIE LYNNE

AKA HOUSE, VICKIE L

CASE NO. 07-70659 MB

Judge Manuel Barbosa

Debtor(s)

## DISTRIBUTION REPORT

I, <u>JAMES E. STEVENS</u>, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

### SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Chapter 7 Administrative Expenses: | $ 9,915.51 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)&(9)): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| General Unsecured Claims: | $ 30,259.59 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | **$ 40,175.10** |

EXHIBIT D

The balance on hand shown above should be distributed in accordance with 11 U.S.C. §726 as follows:

a. $9,915.51 for Chapter 7 administrative expenses allowed under §503(b) and fees under Chapter 123 of Title 28, not previously disbursed, including the Trustee compensation and reimbursement requests as follows:

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | JAMES E. STEVENS | 4,768.01 | 4,768.01 |
| | BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA | 4,770.50 | 4,770.50 |
| | BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA | 127.00 | 127.00 |
| | Clerk of the Bankruptcy Court | 250.00 | 250.00 |
| | | TOTAL $ | 9,915.51 |

b. $30,259.59 for general unsecured creditors who have filed claims allowed in the total amount of $32,322.68, yielding a dividend of 93.62%, as itemized below:

| TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $32,322.68 | 93.62% |

| CLAIM NUMBER | CREDITOR | AMOUNT REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| 1 | DFS-Services, LLC | 14,706.46 | 13,767.78 |
| 2 | Chase Bank USA, N.A. | 8,471.83 | 7,931.09 |
| 3 | CHASE BANK, USA, N.A. | 6,874.00 | 6,435.24 |
| 4 | Capital One Bank | 2,270.39 | 2,125.48 |
| | | TOTAL $ | 30,259.59 |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: October 16, 2008

/S/ James E. Stevens
JAMES E. STEVENS, Trustee
BARRICK, SWITZER, LONG
 BALSLEY & VAN EVERA
6833 Stalter Drive
Rockford, IL 61108